**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 04-20105-01-CM** |
| ) | |
| **MICHAEL CRAIG COOPER,** ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————————) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the court on defendant Michael Cooper's Motion to Reconsider Denial of Franks Hearing (Doc. 103).

**I.      Background**

This case arises from alleged tax fraud and pyramid schemes conducted between June 1997 and April 2002.  Defendant Cooper founded Renaissance, The Tax People, Inc. ("RTTP").  Defendant RTTP offered tax support to its members, including tax advice, tax return preparation, and audit protection.  The government alleges that defendants made false claims, false promises, and misrepresentations, and that defendants' tax advice promoted tax fraud and improper tax deductions.

In October 2000, the government obtained several search and seizure warrants pertaining to defendants Cooper and RTTP.  The warrants were for defendants' property, including RTTP's warehouse, headquarters, accounting center, and mailing and call center, and defendants' personal and business bank accounts, investment accounts, and insurance policies.  In June 2006, defendant Cooper challenged the legality of the warrants and requested that the court suppress the evidence

obtained as a result of the warrants or, in the alternative, conduct a *Franks* hearing to determine the legality of the warrants.  Defendant Cooper alleged that he was entitled to a *Franks* hearing because the warrants were based on affidavits that contained false information.  Specifically, defendant Cooper contested the statements in the affidavits that RTTP's promotional materials guaranteed "automatic" new tax deductions for people starting a home-based business.

On November 20, 2006, the court denied defendant Cooper's motion to suppress and his request for a *Franks* hearing.  On November 29, 2006, defendant Cooper filed this motion requesting that the court reconsider its November 20, 2006 order denying his request for a *Franks* hearing or, in the alternative, clarify its November 20, 2006 order for purposes of appeal.

## II.    Standard of Review

Technically, Federal Rule of Civil Procedure 59(e) does not apply to a criminal matter, but "federal courts nevertheless recognize motions to reconsider pursuant to the common law doctrine recognized in *United States v. Healy*, 376 U.S. 75 (1964)."  *United States v. Renteria*, No. 04-20115, 2006 WL 3544877, at *1 (D. Kan. Dec. 8, 2006).  When the motion to reconsider is filed within ten days of the ruling, as was this motion, it is treated like a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *Id.*  Whether to grant or deny a motion for reconsideration is committed to the court's discretion.  *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Burnett v. W. Res., Inc.*, 929 F. Supp. 1349, 1360 (D. Kan. 1996); *Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994).  "Appropriate

-2-

circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Burnett*, 929 F. Supp. at 1360 (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N. D. Ill.1983)). But "[a] motion to reconsider is not a second chance for the losing party to make his strongest case or to dress up arguments that previously failed." *Flake v. Hoskins*, 55 F. Supp. 2d 1196, 1203 (D. Kan. 1999).

### III.    Discussion

Defendant Cooper alleges that the court misapprehended the facts when it denied him a *Franks* hearing because "it may have relied in whole or in part on the challenged assertions in reaching its ruling." Def.'s Reply Br. at 2. To receive a *Franks* hearing, a defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. *Franks v. Delaware*, 438 U.S. 154, 155–156 (1978). "In addition, the defendant must show that the misrepresentation or omission was necessary to the finding of probable cause." *U.S. v. Zarif*, 192 Fed. Appx. 784 (10th Cir. 2006). At the November 20, 2006 hearing, the court found that defendant had not made a substantial preliminary showing that the affiants knowingly or recklessly withheld information from the magistrate or that the allegedly false statements were necessary to the finding of probable cause. For the reasons stated below, the court declines the opportunity to reconsider its decision denying the *Franks* hearing.

Defendant Cooper challenged the affiants' assertions that RTTP's promotional material guaranteed automatic entitlement to $5,000 of new tax deductions to individuals who have not incurred deductible expenses. The affidavits contain statements about the promotional material

guaranteeing automatic deductions, but they also contain information from undercover agents that RTTP's promoters made statements encouraging such deductions, although the specific deductible amount is not included.  For instance, according to the affidavits, Richard Kringen, a RTTP promoter, told undercover agents that (1) "By purchasing the business in a box [Renaissance membership and tax package], you can write off 50 % to 70% of all the expenses associated with your home or apartment" and (2) "The instant you buy the product [Tax Advantage System], you just increased your tax deduction by four, the tax relief system is worth four deductions to you." Thomas Steelman, co-founder of RTTP, "explained that [the undercover agent] did not need to sell any product other than the 'business package' in order to claim income tax deductions for a 'legitimate' home-based business."  Other promoters told the undercover agents that they would "be entitled to certain business tax deductions the moment that the agents joined Renaissance as IMAs."

Moreover, the affidavits provide a general sense of the information RTTP was disseminating. Perhaps the affiants should have referred more to the information from all sources instead of referring directly to the promotional material when they said it encouraged an automatic deduction. But when considered with the information provided by the RTTP promoters, the challenged statements appear to have merit.   And nothing in the record suggests that the law enforcement officers knowing and intentionally or recklessly attributed the automatic deduction statements to the promotional materials.

Additionally, defendant did not show that the challenged statements were necessary to a finding of probable cause.  If the challenged statements are disregarded, the affidavits still support a finding that RTTP was promoting instant tax deductions to individuals who might not be entitled to the deductions based on the undercover agents' investigations and the law enforcement agents' experience.  This information, along with the other information in the affidavits, supports a finding

of probable case.  Defendant Cooper failed to meet his burden at the November 20, 2006 hearing, and his motion to reconsider raises no new facts, issues, or law that would change the court's ruling. The court denies defendant Cooper's motion to reconsider and upholds it prior decision denying a *Franks* hearing.

**IT IS THEREFORE ORDERED** that defendant Cooper's Motion to Reconsider Denial of Franks Hearing (Doc. 103) is denied.

Dated this <u>23rd</u> day of April 2007, at Kansas City, Kansas.

<u> s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**