IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-20105-CM |
| ) | |
| ) | |
| **MICHAEL CRAIG COOPER,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On February 28, 2008, defendant Michael Craig Cooper was found guilty of counts 1, 58–61, 66, 68–69, 74, 76, 78–79, 83, 87–88, and 91–148 of the Superseding Indictment. After his conviction, defendant filed a Motion for Judgment of Acquittal (Doc. 180), arguing that the government failed to prove him guilty beyond a reasonable doubt and that no rational juror could have found him guilty of counts 1, 58–61, 68–69, 74, 76, 78–79, 83, 87–88, or 91–148.[1]

**1.   Legal Standards**

In reviewing a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government. *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999). The court must uphold the jury's guilty verdict if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Haber*, 251 F.3d 881,

---

[1] The court notes that defendant does not contest his conviction on Count 66; however, to the extent defendant intended to include Count 66 in his motion, the court finds the same analysis applies and upholds the conviction.

-1-

887 (10th Cir. 2001) (quoting *United States v. Schlunegar*, 184 F.3d 1154, 1158 (10th Cir. 1999)). "[T]he evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000) (internal quotations omitted). The court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (citation omitted). An inference is "reasonable" if "logical and probabilistic reasoning" can lead to the conclusion. *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995) (citation omitted). The court does not examine the evidence in "bits and pieces," but rather evaluates the sufficiency by "consider[ing] the collective inferences to be drawn from the evidence as a whole." *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986) (citation omitted).

**I.     Analysis**

In his motion, defendant does not set forth any argument, evidence (or lack thereof), or authority for his position that no rational juror could have found him guilty. Instead of addressing the merits of his motion, he merely makes a very general statement that the government failed to prove his guilt beyond a reasonable doubt and that no rational juror could have found him guilty. However, in his reply to the government's response brief, defendant argues that the convictions on all counts must be dismissed because there is insufficient evidence to convict defendant on Count 1—conspiracy—and all the other counts are dependant on Count 1.

Count 1 charges all defendants with conspiracy to defraud the United States by deceitful and dishonest means by impeding, impairing, obstructing, or defeating the lawful government functions of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation,

assessment, or collection of revenue, that is, federal income taxes; conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 2 and 1341; and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 2 and 1343.  To find defendant guilty of the conspiracy alleged in Count 1, the jury had to find beyond a reasonable doubt that (1) defendant entered into an agreement with another person to violate the law as alleged in the Superseding Indictment—defrauding the United States, committing mail and wire fraud; (2) one of the conspirators engaged in an overt act on or after August 13, 1999, furthering the conspiracy's objective; (3) defendant knew the essential objective of the conspiracy; (4) defendant knowingly and voluntarily participated in the conspiracy with an intent to defraud; and (5) there was interdependence among the members of the conspiracy.  An agreement may be inferred from acts of the parties and other evidence indicating "concert of action for the accomplishment of a common purpose."  *United States v. Norwood*, 194 F. App'x 573, 578 (10th Cir. 2006) (citing *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994)).  Knowing involvement may be presumed if the defendant "acts in furtherance of the objective of the conspiracy."  *Id.* (citing *United States v. Carter*, 130 F.3d 1432, 1440 (10th Cir. 1997)).  "Interdependence exists where each coconspirator's activities constitute essential and integral steps toward the realization of a common, illicit goal."  *Carter*, 130 F.3d 1432, 1440.

      Defendant contends that the evidence was insufficient to establish an agreement to violate the law because defendant's coconspirators testified they acted in good faith and none of them testified that he or she entered into an illegal agreement with defendant.  The court disagrees.  Based on the evidence presented at trial, a reasonable juror could find a concert of action for the accomplishment of a common, illegal purpose.  Multiple coconspirators testified at trial that they prepared false income tax returns and created promotional tools with false tax advice to promote

Renaissance. Thomas Steelman Sr. testified that the W-4 Exemption Increase Estimator, a tool originally created by Steve Hutchinson and refined by defendant, was used to help those associated with Renaissance avoid paying taxes. He also testified that he raised his concerns about the way W-4's were handled with Mr. Cooper and Mr. Cooper said not to worry about it because there was nothing the IRS could do about it. Mr. Steelman, Daniel Gleason, Frankie Ruth, and Elizabeth Crotts testified how the fraudulent tax returns they prepared for Renaissance Independent Marketing Associates ("IMAs") were consistent with the false tax advice provided by defendant and Renaissance. The coconspirators testified that they prepared tax returns for Renaissance IMAs that overstated IMAs' personal expenses as business deductions. Mr. Steeleman testified that one of the fraudulent tax deductions promoted was a deduction for merely placing Renaissance items throughout one's home. Ms. Ruth testified that she brought these issues to defendant's attention.

Jessie Cota testified that he brought various problems with the Tax Advantage System/Tax Relief System to defendant's attention. He testified that he told defendant that defendant's examples of tax deductions were not proper deductions because they were not "ordinary and necessary." Despite knowing his deduction examples were not legal deductions, defendant continued to use the examples and promote Renaissance with this false information. There was also testimony that defendant made false claims regarding his overpayment of income taxes on Renaissance's promotional audio and video tapes. These audio and video tapes were sent through the mail or other interstate wire communication facility. In addition to audio and video tapes, defendant conducted regular meetings to promote Renaissance and did so by continuing to disseminate false, fraudulent, and misleading statements. Furthermore, there was evidence that the false or fraudulent information, including the audio and video tapes and W-4 Exemption Increase Estimator, was disseminated

through the mail and other interstate wire communication facilities.  Taken in the light most favorable to the government, this evidence was sufficient for the jury to find that defendant knowingly and voluntarily entered into an agreement with his coconspirators to defraud the United States and commit wire and mail fraud as alleged in count 1.

Defendant's challenge to the remaining convictions is dependant on his argument that there is insufficient evidence to convict him on count 1.  Because the court finds that there is sufficient evidence to support defendant's conviction on count 1, the court also finds that the evidence presented at trial was sufficient to support the jury's finding that defendant was guilty of counts 58–61, 68–69, 74, 76, 78–79, 83, 87–88, and 91–148 of the Superseding Indictment.  Defendant's motion for acquittal is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal (Doc. 180) is denied.

Dated this 14th day of April 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**