**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL C. COOPER, ) <br> ) <br> Defendant. ) <br> _____) | Civil Case No. 12-2710-CM <br> Criminal Case No. 04-20105-01-CM |

## MEMORANDUM AND ORDER

Defendant moves the court to vacate or amend his sentence under 28 U.S.C. § 2255, arguing that his counsel was constitutionally ineffective for various reasons (Doc. 398). Defendant also requests an evidentiary hearing. For the following reasons, the court takes defendant's argument regarding counsel's failure to inform him of plea offers under advisement pending an evidentiary hearing and denies the rest of defendant's motion.

**I.  FACTUAL BACKGROUND**

On August 13, 2004, the grand jury returned a 148-count indictment charging defendant with the following offenses: conspiracy to defraud (count 1), assisting in the preparation of false tax returns (counts 2-57), mail fraud (counts 58-93), wire fraud (counts 94-104), money laundering conspiracy (count 105), monetary transactions involving property derived from unlawful activity (counts 106-146), and money laundering (147-148).

On December 7, 2006, the grand jury returned a superseding indictment that removed various sentencing enhancements and included some technical changes but did not alter any of the charges. This court began defendant's jury trial in January 2008, and the jury returned a mixed verdict in February 2008. This court sentenced defendant on April 20, 2010, to 240 months' imprisonment.

Defendant appealed several issues. On August 15, 2011, the Tenth Circuit issued a published 48-page opinion affirming this court. Defendant did not file a petition for writ of certiorari to the Supreme Court. Defendant timely filed the instant motion on November 5, 2011, arguing that his trial counsel was constitutionally ineffective. Defendant presents several briefs and sworn declarations supporting these arguments.[1] The government opposes the motion and submits the sworn declaration of defendant's counsel, John Jenab.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

Defendant argues that his counsel was constitutionally ineffective for eight reasons. To succeed on any of these claims, defendant must demonstrate that (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, defendant must show that counsel's performance was neither reasonable under prevailing professional norms nor sound trial strategy. *Id.* at 688–89. Under the second prong, defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the case would have been different. *Id.* at 694.

#### 1. Speedy Trial Act

Defendant contends that counsel rendered ineffective assistance by failing to move to dismiss the indictment based on a Speedy Trial Act ("STA") violation. The court disagrees. The STA generally requires that a federal criminal trial begin within seventy days from the date the defendant is

---

[1] Paragraphs 2-32 of defendant's second declaration are allegedly <u>admissions</u> that counsel <u>and</u> the government's attorney made to defendant. These admissions concern multiple constitutional and ethical violations. Defendant offers no factual support for these admissions, such as when the admissions were made, how the admissions came about, or the context of the discussion leading to these admissions. Without additional details, the court does not find these statements credible because they are self-serving, conclusory, and inherently incredible. *See United States v. Hughes-Boyles*, No. 12-40020-JAR, 12-4134-JAR, 2013 WL 2152186, at *1 (D. Kan. May 17, 2013) ("An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, are inherently incredible, or when they are conclusions rather than statements of fact."). The court will credit paragraph 1.

charged or makes an initial appearance. 18 U.S.C. § 3161(c)(1). But there are periods of delay that are excluded from the calculation of the seventy-day time limit. *Id*. at § 3161(h).

Defendant has not shown that seventy nonexcludable days elapsed between his initial appearance and the start of his criminal trial. He does not provide any detailed analysis under 18 U.S.C. § 3161. And he fails to explain how specific complex case designations and other excludable time findings by this court were insufficient. Because defendant has not demonstrated that the STA was violated, he has not shown that counsel's performance was deficient for not filing a motion to dismiss.

Even assuming that the STA was violated and that counsel's performance was deficient, defendant has not shown that he was prejudiced. The district court is required to dismiss a case when the STA is violated. 18 U.S.C. § 3161(a). But the court retains discretion to determine whether the indictment is dismissed with or without prejudice. *See United States v. Rushin*, 642 F.3d 1299, 1309–10 (10th Cir. 2011) (concluding that defendant was not prejudiced by counsel's failure to move to dismiss the indictment under the STA).

Defendant has not argued that the district court would have dismissed his case with prejudice. Fraud charges are generally treated as serious offenses, and defendant has not presented any evidence that the government acted in bad faith or exhibited a pattern of neglectful or dilatory behavior in prosecuting him. *See* 18 U.S.C. § 3161(a) (outlining factors for the court to consider in determining whether to dismiss with prejudice). These factors indicate that the indictment would have been dismissed without prejudice. And defendant does not provide any evidence suggesting that the government would have been precluded from refiling the charges. *See* 18 U.S.C. § 3288 (providing that a new indictment may be returned within six calendar months of the date of dismissal). Because

defendant has not established a reasonable probability that the result of the proceeding would have been different, he has not shown prejudice. Defendant's first argument fails.

### 2. Mail and Wire Fraud Jury Instructions

Defendant argues counsel rendered ineffective assistance by failing to object to deficient mail and wire fraud jury instructions (i.e., Instructions 37 and 38, respectively). But these instructions generally—and the portions challenged by defendant specifically—came from the Tenth Circuit's criminal pattern jury instructions. *See, e.g.*, Tenth Circuit Criminal Pattern Jury Instructions No. 2.56 and 2.57 (2006). Because the challenged portions of the court's instructions mirrored the applicable pattern jury instructions, counsel did not act in an objectively unreasonable manner by not objecting to them. *See Pinon-Ayon v. United States*, Nos. 09-CR-210, 12-CV-17, 2013 WL 1497904, at *4 (D. Wyo. Apr. 11, 2013) (rejecting ineffectiveness claim and explaining that "the court's instruction about [the defendant's] testimony is a model instruction, and the Court does not believe prevailing professional norms required defense counsel to object to it"). Defendant has not shown deficient performance.

Defendant also has not shown prejudice. For the mail fraud counts, defendant ignores that he was charged with aiding and abetting in violation of 18 U.S.C. § 2. And for the wire fraud counts, the government offered ample evidence of guilt, which included testimony by witnesses, emails, and facsimile transmissions.[2]

### 3. Mistrial

Defendant contends that counsel was constitutionally deficient for failing to move for a mistrial based on juror misconduct. The court disagrees. Defendant has not demonstrated that counsel lacked a strategic reason for his actions. *See Strickland*, 466 U.S. at 689 (instructing that the

---

[2] Defendant's arguments regarding the indictment and that the court lacked venue for the conspiracy charge fail for the same reasons.

-4-

Court is hesitant to "interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions"). Rather, the record before the court indicates that there were three reasonable and strategic reasons for counsel's decision to not seek a mistrial based on juror misconduct. (*See* Doc. 424-1 at 5–6 (explaining that trial counsel did not make the motion because trial had gone well, the jury was good, and the removal of the foreperson would impress on other jurors the need to conduct deliberations in a fair and impartial manner); *see also* Doc. 409 at 5 (stating that he needed to consider whether to move for a mistrial).)[3]

Defendant also has not demonstrated that the motion would have been granted or that the outcome of his trial would have been different. This court presided over the trial and investigated the juror misconduct issue. The anonymous note alleging juror misconduct was vague. Based on its content, however, the court individually questioned each juror. Each juror reaffirmed his or her ability to resolve the case based on the evidence presented in court and the court's instructions of law. And the court intentionally structured its questions to serve as a reminder of each juror's duty. After questioning the jury, the court removed the juror that allegedly considered extrinsic evidence out of an abundance of caution. With her removal, the court would have denied a motion for a mistrial. *See United States v. Lawrence*, 405 F.3d 888, 903 (10th Cir. 2005) (outlining standard for mistrial based on juror misconduct). This argument fails.

### 4. Issues on Appeal

Defendant argues that counsel was ineffective for failing to raise on appeal the jury instruction issue and the juror misconduct issue. Defendant has not demonstrated that counsel lacked strategic reasons for not raising these arguments. Instead, it appears counsel considered various arguments and ultimately focused on the strongest ones. (*See, e.g.*, Case No. 10-3015, Doc. 01018484168 at 2

---

[3] Defendant argues that counsel did not consult him on this issue. This statement is contradicted by defendant's previous statements to this court. (*See* Doc. 409 at 49–50 (confirming that he was informed of the issue and that it was his decision to seek removal of the juror).)

(explaining in motion for extension of time that counsel is considering several issues for inclusion in the brief); Doc. 01018505245 at 2 (stating that counsel "researched numerous possible appellate issues and selected those that counsel believes should be included in the brief").) This is effective—not ineffective—advocacy. *See U.S. v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) ("The process of winnowing out weaker argument on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (internal quotation and citation omitted)). In addition, for the reasons discussed above, defendant also failed to demonstrate prejudice because he has not shown that there is a reasonable probability that raising either issue would have resulted in reversal. *See Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001).

### 5. Summary Testimony

Defendant next contends that counsel rendered ineffective assistance by failing to object to the summary testimony and evidence provided by Revenue Agent Sharon Vandenberg. Defendant completely fails to support this argument. He does not explain how any specific piece of evidence lacked foundation, authenticity, or relevance. And he does not even attempt to demonstrate prejudice. (*See, e.g.*, Doc. 172 at Instruction No. 13 (cautioning the jury about Ms. Vandenberg's summary testimony).) This argument fails.

### 6. Sentencing Objections

Defendant asserts counsel was constitutionally ineffective because counsel did not make appropriate sentencing objections. Defendant does not explain how the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to his case. Similarly, defendant does not identify any of the "well founded bases" that would have supported a downward departure. (Doc. 398 at 13.) Defendant has not established that counsel was constitutionally ineffective at sentencing.

### 7. Investigate Case, Prepare Defense, Prepare Defendant to Testify

Defendant argues that counsel was ineffective because he did not investigate defendant's case or prepare a defense. This argument is difficult to analyze given defendant's lack of specificity. For example, defendant generally argues that trial counsel should have interviewed "any of the over 85,000 past and present clients, salespeople, outside endorsers, or tax experts" that used defendant's product. (Doc. 398 at 16.) These potential witnesses include Oprah Winfrey, politicians, and former NFL Super Bowl players. But it is unclear what specific information these individuals could have provided and how that information specifically relates to the charges against defendant.[4] It is equally unclear what "defense" defendant contends counsel failed to present or how any of these issues would have changed the outcome of his trial.

Despite this lack of specificity, it is clear that many of defendant's assertions are simply wrong. The court reviewed counsel's declaration and submitted Criminal Justice Act ("CJA") bills. Counsel hired a private investigator to assist him with this case, and his CJA worksheets reveal that counsel personally spent numerous hours reviewing discovery, counseling defendant, calling potential witnesses, researching the law, and preparing for trial. In total, counsel billed over 900 hours between August 2005 (date of appointment) and February 2008 (conclusion of trial) on this case.[5]

Defendant's allegations are also inconsistent with this court's recollection of the trial. Counsel meaningfully cross-examined the government's witnesses and presented defense witnesses (including defendant). He made relevant and necessary objections, was prepared each day, and eloquently

---

[4] Defendant contends that these individuals endorsed his product and would have presented "an entirely different picture of the facts of the case." (Doc. 398 at 4.) But that does not mean they would have provided any meaningful testimony on the legality of defendant's conduct. In addition, there is no evidence that defendant identified any specific individual to counsel before trial.

[5] Defendant argues that he was not able to advise counsel on relevant impeachment evidence. This is contradicted by the CJA bills, which include services for reviewing "note and suggestions from client on cross topics" and "[r]eview[ing] client notes for cross examination."

-7-

argued trial issues. At the conclusion of trial, the jury acquitted defendant on approximately half of the charges. These facts all indicate that counsel ably handled and defended the case.

Defendant also contends that counsel did not prepare him to testify. Even if true, defendant has not suggested how this alleged failure prejudiced his defense. Defendant does not identify any damaging testimony that would have been avoided or any favorable testimony that was omitted. And this court's review of the record (and assessment at trial) indicates that defendant testified on direct and cross-examination consistently with his theory of the case. This argument fails.

### 8. Plea Offers

Defendant asserts that counsel failed to inform and advise him of plea agreements that defendant would have accepted. If true, defendant has a possible ineffective assistance of counsel claim. *See United States v. Castro*, No. 365 F. App'x 966, 967–68 (10th Cir. 2010) ("The failure to inform a defendant of a favorable plea agreement (deficient performance) is a viable ineffective assistance of counsel claim when a defendant can prove that but for counsel's deficient performance, he would have accepted the plea (prejudice)." (citing *Williams v. Jones*, 571 F.3d 1086, 1090 n.3 & 4 (10th Cir. 2009))). Counsel's affidavit explains that he did convey both plea offers, discussed them with defendant, and encouraged defendant to accept them.

Defendant's and counsel's sworn declarations contradict each other. These events occurred outside of the courtroom and there is no additional evidence that supports either account. To resolve this conflict and determine whether there is a factual predicate for defendant's claim, the court must hold an evidentiary hearing. 28 U.S.C. § 2255(b) (requiring an evidentiary hearing on a § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is

entitled to no relief"). The court takes this argument under advisement and, by future order, will appoint counsel and schedule an evidentiary hearing.[6]

### B. **Other Matters**

Defendant also requests habeas relief based on his contention that he is actually innocent of the charges. An assertion of actual innocence, standing alone, does not support habeas relief. *See LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus." (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993))). Regardless, the Department of Treasury memorandum submitted by defendant does not establish his innocence of the charged crimes. The memorandum only provides "general information," and it specifically notes that the testimony of several undercover agents "raises suspicions" that claimed deductions "are not legitimate." (Doc. 399 at 26, 30.)

At the conclusion of his reply brief, defendant also makes a litany of allegations against the government. Defendant alleges—among other things—that the government's attorney <u>admitted</u> to him that the government (1) suppressed materially exculpatory statements that would have changed the outcome of trial, (2) knowingly mislead the court, and (3) sponsored perjured testimony. (Doc. 420 at 21–22.) Defendant offers no details or factual support for these allegations. Based on the record before the court, none of these allegations warrant relief.

**IT IS THEREFORE ORDERED** that the court denies in part defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. 398). The court takes under advisement defendant's ineffective assistance of counsel claim based on

---

[6] The court will determine whether a certificate of appealability should be granted for all arguments after resolving the remaining ineffective assistance of counsel claim for failure to inform defendant of favorable plea agreements.

counsel's alleged failure to convey plea offers pending an evidentiary hearing.  The court denies all of defendant's other claims and denies an evidentiary hearing for those claims.

**IT IS FURTHER ORDERED** that by future order the court will appoint counsel and schedule an evidentiary hearing on defendant's single remaining argument.

Dated this 29th day of July, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
